RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION    2006 SEP -5  P 4: 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **BONITA J. OWENSBY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. CV -2:06CV796 - WKW** |
| | § | |
| **J.F. INGRAM STATE TECHNICAL** | § | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| **COLLEGE; J. DOUGLAS CHAMBERS,** | § | |
| **INDIVIDUALLY AND IN HIS** | § | |
| **OFFICIAL CAPACITY AS** | § | |
| **PRESIDENT OF J.F. INGRAM** | § | |
| **STATE TECHNICAL COLLEGE; AND** | § | |
| **JAMES WILSON, INDIVIDUALLY** | § | |
| **AND IN HIS OFFICIAL CAPACITY** | § | |
| **AS DEAN OF STUDENTS AND** | § | |
| **SUPPORT SERVICES AT J.F.** | § | |
| **INGRAM STATE TECHNICAL** | § | |
| **COLLEGE,** | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

COMES NOW the Plaintiff, Bonita J. Owensby, and submits this Complaint against the

Defendants as set forth herein below:

## JURISDICTION

1.      Plaintiff, Bonita J. Owensby, files this Complaint, institutes these proceedings and

invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331, § 1343, § 2201, and

§ 2202 as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of

1964, as amended, (42 U.S.C. 2000(e) et seq.), the 1991 Civil Rights Act and 42 U.S.C. § 1983, to

obtain equitable relief; the cost of this suit, including reasonable attorney's fees; and awards of back

pay, front pay, and damages suffered by Ms. Owensby and caused by the Defendants' discrimination against Ms. Owensby in her employment due to her race and sex.

2.      Ms. Owensby filed a charge of race and sex discrimination with the Equal Employment Opportunity Commission's Birmingham District Office on or about November 28, 2005, against her employer J.F. Ingram State Technical College.  A right to sue letter has been issued.

## PARTIES

3.      The Plaintiff, Bonita J. Owensby, is a citizen of the United States and of Elmore County, Alabama, and is over the age of nineteen.

4.      The Defendant, J.F. Ingram State Technical College, hereinafter referred to as "Ingram," has conducted business at 5375 Ingram Road, Deatsville, Alabama 36022, at all times relevant to this action.  Ingram is named as a defendant in Ms. Owensby's Title VII claim only. Ingram is not a defendant to Ms. Owensby's 42 U.S.C. § 1983 action.

5.      The Defendant, J. Douglas Chambers, hereinafter referred to as "President Chambers," is employed as the President of J.F. Ingram State Technical College and at all times relevant hereto has been acting within the line and scope of his authority.  Under 42 U.S.C. § 1983, President Chambers is named as a defendant in his individual capacity for the recovery of monetary damages plus court costs and attorney fees and named as a defendant in his official capacity solely for the recovery of equitable and/or injunctive relief plus court costs and attorney fees. President Chambers is not a defendant in Ms. Owensby's Title VII action.

6.    The Defendant, James Wilson, hereinafter referred to as "Dean Wilson," is employed as the Dean of Students and Support Services at J.F. Ingram State Technical College and at all times relevant hereto has been acting within the line and scope of his authority.  Under 42 U.S.C. § 1983, Dean Wilson is named as a defendant in his individual capacity for the recovery of monetary damages plus court costs and attorney fees and named as a defendant in his official capacity solely for the recovery of equitable and/or injunctive relief plus court costs and attorney fees.  Dean Wilson is not a defendant in Ms. Owensby's Title VII action.

## STATEMENT OF FACTS GIVING RISE TO
## BONITA J. OWENSBY'S CAUSES OF ACTION

7.    Ms. Owensby is a black female who has been employed continually by Defendant Ingram for more than twenty (20) years, from February 1985 until the present.  During her employment, she has been subjected to ongoing discrimination in pay, promotion, and other benefits of employment on the basis of her sex and race.

8.    Through the years, Ms. Owensby has officially held the following job titles: (a) Office Clerk to the Secretary to the President of Ingram; (b) Secretary to the Dean of Students; (c) Secretary to the Dean of Students and Support Services; (d) Registration and Admissions Coordinator a/k/a Coordinator of Admissions hereinafter referred to as "Registration and Admissions Coordinator;" and (e) Registrar and Assistant to the Dean of Students and Support Services.  Regardless of her job titles and/or job responsibilities, *Ms. Owensby has always been paid off of Schedule E,* which is the pay scale for full-time support personnel.

9.    Ms. Owensby contends that beginning in October 2000, she should have been paid

from Schedule C, which provides a higher range of pay for professional personnel. October 2000 was when President Chambers and/or Dean Wilson gave Ms. Owensby the extra work and job responsibilities of the Registrar, a recently vacated position, without Ms. Owensby receiving either the title of the job or a range of pay commensurate with that position at Ingram.

10.     Around October 2000, Ms. Owensby was promoted by President Chambers and/or Dean Wilson to a newly-created position entitled "Registration and Admissions Coordinator." Upon her promotion, she was summarily assigned substantially all of the duties previously assigned to the position of Registrar, a position which had remained vacant since 1999. Although Ms. Owensby was assigned and performed the job duties of the Registrar, she was denied both the title and pay rate associated with the position. Rather than fill the position of Registrar, for which the pay scale had always been derived from the higher range of Schedule C, Dean Wilson recommended and/or President Chambers authorized the creation of  a new position to give Ms. Owensby, namely "Registration and Admissions Coordinator." Dean Wilson recommended and/or President Chambers approved placing this newly created position on a lower pay grade.

11.     As Registration and Admissions Coordinator, Ms. Owensby was paid less than a white female payroll clerk. As Registration and Admissions Coordinator, Ms. Owensby was also paid substantially less than the previous male Registrar who had been paid according to the higher range of Schedule C  from the day that he filled the position of Registrar in 1991.  This was the same male registrar whom Ms. Owensby had to train regarding some aspects of his job, and for whom she had to perform job duties. Clearly, but for her race and gender, Ms. Owensby's salary

would have been determined by Schedule C, instead of Schedule E, and her job title would have been that of Registrar as of October, 2000.

12.    In August 2003, Ms. Owensby was again promoted, this time from the position of Registration and Admissions Coordinator to the positions of Registrar and Assistant to the Dean of Students and Support Services. Although she now had the official job title of Registrar (in addition to the job title of Assistant to the Dean of Students and Support Services), Ms. Owensby still was not given commensurate pay for either position. This is true even though the duties of Registrar at Ingram exceeded what was required in 1999 when the former Registrar resigned. Moreover, although Ms. Owensby's job duties were again increased when she was promoted to these two (2) positions in August, 2003, she still did not receive a merit pay increase and instead continued to be paid off of Schedule E. In contrast, the other prior Registrar and the other Assistants to the other Deans at Ingram have all been male and have all been paid according to the higher range of Schedule C.

13.    As noted, Ms. Owensby has never been compensated like her male counterparts in accordance with the higher range of Schedule C, since she has been trapped on Schedule E due to her race and gender. Therefore, in August 2004, October 2004, and August 2005, Ms. Owensby sought an increase in pay commensurate with Schedule C and her male counterparts. To date, her efforts have been unjustly denied.

14.    In August 2004, Ms. Owensby, as Registrar *and* as Assistant to the Dean of Students and Support Services, verbally and in writing asked her immediate supervisor Dean Wilson for a

-5-

salary increase. At that time, Ms. Owensby had successfully performed officially as the Registrar and as the Assistant to the Dean of Students and Support Services for approximately one year. Ms. Owensby's request for a raise, which she understood was presented by Dean Wilson to President Chambers, was unjustly denied.

15.    Ms. Owensby subsequently filed a grievance with President Chambers in October, 2004, stating therein that her work as an Assistant to one of the Deans and her work as the Registrar had both been considerably undervalued because of her gender and race. Ms. Owensby's grievance was again unjustly denied.

16.    On or about August, 2005, Ms. Owensby renewed her request for a merit raise to her immediate supervisor Dean Wilson and asked again to be paid off of Schedule C. Ms. Owensby understood from her immediate supervisor Dean Wilson that he submitted her requests in September 2005 to President Chambers, who had the discretionary authority to grant the same. Again, Ms. Owensby's requests in 2005 for a merit raise and to be paid off of Schedule C were denied by President Chambers and/or Dean Wilson, since she has yet to receive a merit raise and she continues to be paid off of Schedule E.

17.    To date, Ms. Owensby has never been paid for her job as Assistant to the Dean of Students and Support Services. This is in sharp contrast to the other Assistants to the other Deans at Ingram who have all been male and been paid according to the higher range of Schedule C.

18.    Ms. Owensby continues to hold the positions of Registrar and Assistant to the Dean of Students and Support Services and has received positive feedback regarding her performance in

-6-

these positions. Ms. Owensby also continues to perform the secretarial duties for the Dean of Students and Support Services in addition to her other responsibilities.

19.    President Chambers has discriminated against other black female employees at Ingram, as well. In fact, to Ms. Owensby's knowledge, no black female employee at Ingram has ever been paid off of Schedule C. In light of all the foregoing, Ms. Owensby believes she has been the victim of an ongoing practice of race and sex discrimination in violation of Title VII and 42 U.S.C. § 1983.

### BONITA J. OWENSBY'S CAUSES OF ACTION

### COUNT I - Title VII

20.    Ms. Owensby repeats, re-alleges and incorporates by reference paragraphs 1-19 above, the same as if more fully set forth herein, and further alleges that Defendant Ingram's actions toward her have violated Ms. Owensby's right to be free of race and sex discrimination in her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e) et seq.), and the 1991 Civil Rights Act.

21.    As a proximate result of Defendant Ingram's afore-described discriminatory actions, Ms. Owensby has been injured and damaged as set forth in paragraphs 1-20 above. In addition, Ms. Owensby has suffered considerable mental and emotional anguish and lost income.

22.    Given the egregious, willful, and wanton nature of the race and sex discrimination suffered by Ms. Owensby as a result of Defendant Ingram's discriminatory actions, Ms. Owensby avers that this is a case for which an award of punitive damages is appropriate.

23.    Ms. Owensby further avers that she has pursued and has exhausted her administrative remedies.

## COUNT II - 42 U.S.C. § 1983

24.    Ms. Owensby repeats, re-alleges and incorporates by reference paragraphs 1-23 above, the same as if more fully set forth herein, and further alleges that Defendant President Chambers' and/or Defendant Dean Wilson's actions toward her have violated her right to be free of race and sex discrimination in her employment, in violation of 42 U.S.C. § 1983.

25.    As a proximate result of President Chambers' and/or Dean Wilson's afore-described discriminatory actions, Ms. Owensby has been injured and damaged as set forth in paragraphs 1-24 above. In addition, Ms. Owensby has suffered considerable mental and emotional anguish and lost income.

26.    Given the egregious, willful, and wanton nature of the race and sex discrimination which Ms. Owensby has suffered as a result of President Chambers' and/or Dean Wilson's discriminatory conduct, Ms. Owensby avers that this is a case for which an award of punitive damages is appropriate

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Ms. Owensby respectfully prays that this Court grant the following relief:

a)    A judgment declaring that Ms. Owensby was discriminated against by the Defendants due to her race and sex;

b)    An injunction requiring the Defendants to place Ms. Owensby on Schedule C at the pay rate and pay grade to which she should have been promoted at the times described above when Ms. Owensby accepted new job responsibilities and at the salary which she should have been receiving at those times, but for the discriminatory actions taken against her, with back pay retroactive to the dates upon which she should have been placed on and paid from Schedule C;

c)    An injunction requiring the Defendants to grant to Ms. Owensby all fringe benefits, monetary benefits and other rights, including seniority rights, to which she would have been entitled, had she not been a victim of race and sex discrimination;

d)    An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

e)    An award of such compensatory damages to which Ms. Owensby may be entitled;

f)    An award of such front pay to which Ms. Owensby may be entitled;

g)    An award of punitive damages to which Ms. Owensby may be entitled; and

h)    Such further, other or different relief as the Court may deem appropriate and necessary, including, but not limited to, front pay.

Respectfully submitted this 5th day of September, 2006.

Bonita J. Owensby
Pro Se
397 McKeithen Place
Millbrook, Alabama 36054
334-290-3642

-9-