IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BONITA J. OWENSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV 2:06 CV796-WKW |
| | ) |
| J. F. INGRAM STATE TECHNICAL | ) |
| COLLEGE; J. DOUGLAS | ) |
| CHAMBERS INDIVIDUALLY AND | ) |
| IN HIS OFFICIAL CAPACITY AS | ) |
| PRESIDENT OF J.F. INGRAM | ) |
| STATE TECHNICAL COLLEGE; | ) |
| AND JAMES WILSON, | ) |
| INDIVIDUALLY AND IN HIS | ) |
| OFFICIAL CAPACITY AS DEAN | ) |
| OF STUDENTS AND SUPPORT | ) |
| SERVICES AT J.F. INGRAM | ) |
| STATE TECHNICAL COLLEGE, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

COME NOW Defendants **J.F. Ingram State Technical College** (hereinafter referred to as "Ingram College"); **J. Douglas Chambers** (hereinafter referred to as "Chambers"), individually and in his official capacity as President of J.F. Ingram State Technical College; and **James Wilson** (hereinafter referred to as "Wilson"), individually and in his official capacity as Dean of Students and Support Services at J.F. Ingram State Technical College, and, by and through their counsel of record, for Answer to the Complaint in the above-styled action, state as follows:

## RESPONSE TO FACTUAL ALLEGATIONS

1. This paragraph requires neither admission nor denial by defendants.

2. Denied.

3. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which are therefore denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**AFFIRMATIVE DEFENSES**

1. Any claims brought by Plaintiff under Title VII or any statutes arising there under are due to be dismissed in that Plaintiff has failed to meet the legal requisites for any such claims to be filed with this Court.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Ingram College asserts immunity under the 11th Amendment to the United States Constitution. Defendants Chambers and Wilson, in their official capacities, assert immunity under the 11th Amendment to the United States Constitution.

4. Ingram College asserts immunity under Section 14 of the Constitution of Alabama. Defendants Chambers and Wilson, in their official capacities, assert immunity under Section 14 of the Constitution of Alabama.

5. Defendants Chambers and Wilson assert qualified immunity in their individual capacities.

6. The Complaint fails to state an actionable claim for retrospective relief against Defendants Chambers and Wilson in their respective official capacities under 42 U.S.C. § 1983 in that these Defendants are not subject to retrospective relief in their official capacities.

7. The Complaint fails to state a valid claim against Defendants Chambers and Wilson in their respective individual capacities under § 1983 or under any other law or regulation referenced in the Complaint in that any actions taken by Defendants pertaining to the Plaintiff were lawful and within the scope of their respective official authority.

8. The Complaint fails to meet the requisites for mandatory, preliminary, and permanent injunctions to lie against the Defendants.

9. Plaintiff is not entitled to retroactive damages against Ingram College or against Defendants in their official capacities.

10. All actions taken by Defendants in this matter were taken in good faith.

11. Plaintiff has failed to exhaust available administrative remedies.

12. No act or omission on the part of any Defendant was the proximate cause of the Plaintiff's alleged damages.

13. Defendants' actions were motivated by legitimate, nondiscriminatory, non-retaliatory reasons, which were not pretext.

14. Defendants assert the applicable statues of limitations.

15. Defendants assert the defense of latches.

16. Defendants assert the "Mount Healthy" defense.

17. Defendants, in their individual capacities, assert State Agent immunity under the laws of Alabama.

18. Defendants assert that Plaintiff has failed to plead her claims with particularity sufficient to satisfy the requirements of Federal and/or State law.

19. Plaintiff has failed to state a prima facie case of discrimination under Title VII or § 1983.

Respectfully submitted,

Andrew W. Christman (CHR024)
Attorney for J.F. Ingram State
Technical College, J. Douglas
Chambers and James Wilson

OF COUNSEL:

Gidiere, Hinton, Herndon
    & Christman
P. O. Box 4190
Montgomery, AL 36103
(334) 834-9950
(334) 834-1054 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following persons by placing the same in the United States Mail, first class postage prepaid, and properly addressed, on this the _____ day of October, 2006.

_____
Of Counsel

Bonita J. Owensby
397 McKeithen Place
Millbrook, Alabama 36054
334-290-3642