IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 MAR 24 P 2: 42

| | |
|---|---|
| BONITA J. OWENSBY | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 1:06cv796-WKW |
| | ) |
| J.F. INGRAM TECHNICAL COLLEGE, et al. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TAX COST AND AWARD ATTORNEY FEES

Comes now Plaintiff Owensby, by and through her attorney of record, and opposes the Defendants' Motion To Tax Cost and Award Attorney Fees. Plaintiff Owensby, a black female, filed a pro se complaint against Defendants Chambers and Wilson on September 5, 2006. The pro se complaint alleged race and sex discrimination under Title VII and a 42 U.S.C. § 1983 claim of race and sex discrimination in employment.

On February 26, 2008, summary judgment was granted in favor of the Defendants. The general rule in the United States is that litigants must pay their own attorney's fees in the absence of legislation providing otherwise. Alyesha Pipeline Co. v Wilderness Society, 421 U.S.240 (1975 ); Christianburg Garment Co. v EEOC, 434 U.S. 412, 98 S.Ct. 694 (1978).

Congress has provided that prevailing counsel may be awarded fees in Title VII cases and pursuant to 42 U.S.C. § 1988. It was noted in Hanrahan v Hampton, 446 U.S. 754, 758, n. 4 (1980) that "the provision for counsel fees in § 1988 was patterned upon the attorney's fees provisions contained in Titles II and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(b)

1

and 2000e-5(k) and § 402 of the Voting Rights Act Amendments of 1975, 42 U.S.C. § 1973 1(e)..."See also Hensley v Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983). As was noted in Christianburg Garment Co. v EEOC, 434 U.S. 412, 98 S.Ct. 694 "a district court may in its discretion allow an attorney's fee to the prevailing party."

In Christianburg, supra, the Court in discussing the history of the legislative debates concerning § 706(k) noted reference that the fee provision was included to "make it easier for a plaintiff of limited means to bring a meritorious suit." The Christianburg Court, in discussing Carrion v Yeshiva University, 535 F. 2d 722 (1976) stated: "In upholding an attorney's fee award to a successful defendant, that court stated that such awards should be permitted, "not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious."

In discussing the payment of defense fees the Christianburg court stated the following:

> " To the extent that abstract words can deal with concrete cases, we think that the concept embodied in the language adopted by these two Courts of Appeals is correct. We would qualify their words only by pointing out that the term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and that the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims,

> for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> That § 706(k) allows fee awards only to prevailing private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success.[fn19] To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense. [fn20]"

In <u>Matthews v City of Dothan</u>, 2008 WL 450433 (M.D. Ala.) This Honorable Court in discussing awarding under § 1988 stated:

> "The Supreme Court has found both prevailing plaintiffs and defendants may collect attorney fees under § 1988 but has imposed a more stringent standard on defendants seeking to recover fees. See <u>Christianburg Garment Co. v EEOC,</u> 434 U.S. 412, 416, 421 (1978). For a prevailing defendant to recover attorney fees, the court must find that "[the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." <u>Id. at 422.</u> A defendant is not entitled to attorney fees merely because the plaintiff did not prevail; such a standard "would substantially ass to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of [§ 1983]." <u>Id.</u>"

As the Christianburg Court recognized, it was the policy of Congress that the plaintiff was the chosen instrument of Congress to vindicate "a policy that Congress considered of the highest

priority." Newman v Piggie Park Enterprises, 390 U.S. 400 @ 402 (1968).

In this instance the Plaintiff filed a pro se complaint. The issues raised by the Plaintiff concerned race and sex discrimination. The Alabama Post Secondary System has a history of race and sex discrimination. Shuford v Alabama State Board of Education, 968 F. Supp. 1486 (M.D. Ala. 1997). Defendant Wilson himself brought an action against the administrators at J.F. Ingram alleging race discrimination.

In Plaintiff Owensby case, Defendant Wilson was apparently informing her that he was in favor of her a raise. On the other hand, it appeared that Defendant Chambers was informing Plaintiff Owensby that Wilson did not favor her a raise. After the EEOC compliant was filed, Owensby was given a raise. At no time did any official at J.F. Ingram articulate to Owensby why she did not receive the same pay as her white male counterparts or her male predecessor. Indeed Owensby has never been provided an official job description, so how can the Defendants allege that Owensby's job duties are not as responsible or as important as her white male counterparts, as no official job descriptions were provided for any comparable positions.

From October 8, 1999 through August 13, 2004, Plaintiff Owensby forwarded four memorandums concerning her salary increase request. At no time did she receive a response that her duties and responsibilities were not as difficult or as important as her white male counterparts. Nor did Owensby receive a formal job description. It was with this background that Plaintiff Owensby filed her pro se complaint. Perhaps if the Defendants had been as forthcoming to her in response to her written request as they were to the response to her law suit, Plaintiff Owensby would not have had a reason to file a law suit.

As this court recognized in Matthews v City of Dothan, supra, in Sullivan v School Board

4

of Pinellas County, 773 F.2d 1182 @ 1188, "The Eleventh Circuit has emphasized that, "'it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."

If Plaintiff Owensby claims were frivolous as the Defendants allege, why did the Defendants expended $61, 201.14 in defending against the claims. From reading the simplified time entry description of the Defendants' attorneys, it is impossible to tell what exactly the defense attorneys did and thus impossible to analyze if the hours were appropriately expanded.

If appears the Defendants' attorneys are claiming 553.1 hours spent on this action, they claim to be frivolous. When reviewing the attorneys billing of what the charges were for, one mostly find generalized statements such as:

       1. Review and analysis of various documents.
       2. Review and analysis of documents.
       3. Review and analysis of recent case law.
       4. Continue work on trial preparation.
       5. Telephone calls.

Because no detail account of how the time was spent and what documents were reviewed and analyzed, Plaintiff has no way of knowing how many times the same documents were reviewed and analyzed by the same attorney or a different attorney. How much duplication of effort was involved in this case. It is not possible to analyze with the billing presented. The Defendants' attorneys even state in their unverified petition in paragraph 14 that "It should be noted that many of the time entries are purposefully vague." That may be fine for billing their client, but when filing a Motion To Tax Cost and Award Attorney's Fees with the Court, the Plaintiff is entitled to specific time entries and

the exact purpose for the time entries.

In <u>Hensley v Eckerhart</u>, 461 U.S. 424, 103 S. Ct. 1933, (1983) the Supreme Court stated:

> "The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S. Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise necessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." <u>Copeland v Marshall</u>, 205 U.S. App. D.C. 390, 401, 641 F. 2d 880, 891 (1980) (en banc) (emphasis in original)."

The billing submitted by the Defendants does not meet the standards set in <u>Hensley</u>, supra. There is no way from reviewing the Defendants' billing to tell what, if any, billings are excessive, redundant, or otherwise unnecessary. The billings are admittedly purposefully vague. The court in <u>Hensley</u>, supra cited <u>Copeland v Marshall</u>, 205 U.S. App. D.C. 390, 641 F. 2d 880 (1980) (en banc). The Copeland Court stated:

> "Compiling raw totals of hours spent, however, does not complete the inquiry. It does not follow that the amount of time actually expended is the amount of time reasonably expended. In the private sector, "billing judgment" is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

With the purposefully vague billing by the Defendants, it is not possible for the Plaintiff to analyze the submitted billing for excessiveness, redundancy or otherwise unnecessary items. In this instance, the legal fee was paid by a governmental agency, not a company or an individual. The

government has a much deeper pocket than the Plaintiff. The Plaintiff has limited mean. To award attorney's fees against this Plaintiff, will have a chilling effect on any Plaintiff proceeding with a civil rights claim against a governmental agency. Congress choose the individual as the vehicle by which civil right actions would be pursued. To award fees in this instance with a purposely vague, unapproved bill by the managing attorney or the agency department head would not be proper.

Based on the foregoing, Defendants' Motion To Tax Cost and Award Attorney's Fees is due to be denied as it does not conform with the requirements of <u>Hensley</u> and it would have a chilling effect on potential Plaintiffs pursuing civil rights litigation.

Respectfully submitted this the 24th day of March, 2008.

*[signature]*
Jim L. DeBardelaben (DEB003)
ASB-4800-A40J
Attorney for Plaintiff

**OF COUNSEL:**
Jim L. DeBardelaben, Esq.
Attorney At Law
Post Office Box 152
Montgomery, Alabama 36101-0152
(334) 265-9206

**CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the foregoing with the Clerk of the Court and sent a copy of the foregoing via United States mail, properly addressed and postage prepaid, on this the 24th day of March, 2008.

Andrew W. Christman, Esq.
Matthew Y. Beam, Esq.
Gidiere, Hinton, Herndon & Christman
P.O. Box 4190
Montgomery, Alabama 36103

_____
Of Counsel